IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| STEPHEN STEPHON WILLIAMS, )<br>        Petitioner, )<br>)<br>v. )<br>)<br>RICK THALER, Director, )<br>Texas Department of Criminal Justice, )<br>Correctional Institutions Division, )<br>        Respondent. ) | Civil No. 7:07-CV-077-O |

MEMORANDUM OPINION AND ORDER

ON THIS DATE, came on to be considered the papers and pleadings filed in this action, and the Court finds and orders as follows:

Petitioner seeks to challenge the validity of his Wichita County conviction on two counts of aggravated robbery. Petition ¶¶ 1 & 4; Respondent's Answer at p. 2; *State v. Williams*, No.39,735-C (89th District Court of Wichita County, Texas). Upon his plea of not guilty, Williams was tried by jury, found guilty and sentenced to sixty-five years in prison on each count with the sentences to run concurrently. *State v. Williams*, No. 39,735-C (89th District Court of Wichita County, Texas) (Clerk's Record at pp. 77-80, hereinafter "CR at p. ___.") . Williams' conviction was affirmed by the Second Court of Appeals on October 14, 2004. *Williams v. State*, No. 2-03-148-CR (Tex. App. – Ft. Worth 2004, pet ref'd). On April 20, 2005, his petition for discretionary review was refused by the Texas Court of Criminal Appeals. *In re Williams*, PD-1789-04 (Tex. Crim. App. 2005). On November 14, 2005, the United States Supreme Court denied Williams' petition for writ of *certiorari*. *Williams v. Texas*, 546 U.S. 1018 (2005). Petitioner filed one state habeas application

attacking his conviction without success. *Ex parte Williams*, App. No. WR-67,398-01 (Tex. Crim. App. 2007).

In support of his petition, Williams presents the following grounds for relief:

1. violation of his Fourth Amendment right to be free from unreasonable search and seizure;

2. there was no evidence to support a conviction;

3. Petitioner is actually innocent;

4. ineffective assistance of counsel at trial, and;

5. ineffective assistance of counsel on appeal.

Petition ¶¶ 20.A-D. Respondent argues that the instant petition is barred by the one-year statute of limitations. Alternatively, Respondent argues that petitioner is not entitled to habeas relief.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") there is a one-year limitation period during which an inmate must file any federal petition for writ of habeas corpus in which he seeks relief under § 2254. The AEDPA provides in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The United States Supreme Court denied Williams' petition for writ of *certiorari* on November 14, 2005. *Williams v. Texas*, 546 U.S. 1018 (2005). Under 28 U.S.C. § 2244(d)(1)(A), that denial triggered the beginning of the one-year statute of limitations. A properly filed state habeas application will toll the running of the one-year statute of limitations. Petitioner filed his state habeas application on November 14, 2006, the last day of the one-year federal statute of limitations. *Ex parte Williams*, App. No. WR-67,398-01, Event ID 2285353 at p. 2 (Tex. Crim. App. 2007). Relief was denied by the Texas Court of Criminal Appeals on June 20, 2007. *Id.* at Cover. Therefore, his federal habeas application was due that day. Petitioner filed his federal petition on June 30, 2007, ten days after his limitation period expired.[1]

Petitioner argues that he tendered his state habeas application to prison officials for mailing on November 3, 2006 and that should be his date of filing for purposes of the federal statute of limitations. Petitioner's Objections to Respondent's Answer (Doc. No. 22) at pp. 1-3. Unfortunately, the mailbox rule does not apply to the filing of a state habeas application when determining whether a later federal petition is timely. *Howland v. Quarterman*, 507 F.3d 840, 844-45 (5th Cir. 2007); *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999). For purposes of

---

[1] Federal habeas petitions filed *pro se* are considered filed, for purposes of the statute of limitations, on the date on which the petition is tendered to prison officials for mailing. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (applying the "mailbox rule" to the filing of a federal habeas petition). Therefore, for purposes of this opinion, the Court will consider the petition filed on the date is was signed by Williams, June 30, 2007.

determining whether the instant petition is timely, the filing date for Williams state application is November 14, 2006, the date it was filed by the clerk of the state court.

Petitioner next argues that the Court of Criminal Appeals failed to mail notification that his state habeas application had been denied until June 26, 2007, six days after the actual denial, and that it took three more days, until June 29, 2007, for the notice to reach him through the mail. Petitioner's Objections to Respondent's Answer (Doc. No. 22) at pp. 4-5; Petitioner's Answer to the Court's Question No. 2 (Doc. No. 17). He argues that this delay on the part of the Court of Criminal Appeals should toll the limitation period. Even assuming *arguendo* that Petitioner is entitled to nine days of tolling until, June 29, 2007, his federal petition, filed on June 30, 2007, remains one day late. Therefore the instant petition is time-barred.

Alternatively, even assuming that the instant petition is not barred by the statute of limitations, Petitioner is not entitled to habeas corpus relief. The AEDPA provides in relevant part that:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254(d) (West 2010).

Under the "contrary to" clause, a federal court may grant the writ of habeas corpus if the state court either arrives at a conclusion opposite to that reached by the United States Supreme Court

on a question of law or decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court either unreasonably applies the correct legal rule to the facts of a particular case or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 407. The standard for determining whether a state court's application was unreasonable is an objective one and applies to all federal habeas corpus petitions which, like the instant case, were filed after April 24, 1996, provided that they were adjudicated on the merits in state court. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). In the context of habeas corpus, "adjudicated on the merits" is a term of art referring to a state court's disposition of a case on substantive rather than procedural grounds. *Green v. Johnson*, 116 F.3d 1115, 1121 (5th Cir. 1997).

Upon a finding of state court compliance with the "contrary to" clause of 28 U.S.C. § 2254(d)(1), federal courts give deference to the state court's findings unless such findings violate the "unreasonable application" clause of 28 U.S.C. § 2254(d)(2). *Chambers*, 218 F.3d at 363. The "unreasonable application" clause concerns only questions of fact. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). The resolution of factual issues by the state court is afforded a presumption of correctness and will not be disturbed unless the habeas petitioner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Sumner v. Mata*, 449 U.S. 539, 550 (1981). Absent such evidence, the presumption of correctness is applied provided that the state court findings are evidenced in writing, issued after a hearing on the merits, and are fairly supported by

the record. *E.g., Burden v. Zant*, 498 U.S. 433, 436-37 (1991); *Williams v. Scott*, 35 F.3d 159, 161 (5th Cir. 1994); 28 U.S.C. § 2254(d).

In his first ground for relief, Petitioner claims that his Fourth Amendment right to be free from unreasonable search and seizure was violated because police officers stopped and detained him without any reasonable suspicion or probable cause. Petition ¶ 20.A. He argues that property found on the ground was seized and attributed to him, and that this illegally obtained evidence was used against him at trial to obtain a conviction. *Id.* Williams argues that, because the search and seizure were unlawful, the evidence obtained must be suppressed. Petitioner's Brief in Support of Petition (Doc. No. 8) at pp. 19-24.

As a general rule, state court evidentiary matters are a basis for habeas relief only where they render the entire trial fundamentally unfair. *Mullen v. Blackburn*, 808 F.2d 1143, 1145 (5th Cir. 1987). However, when a Fourth Amendment claim is involved, if the state has provided an opportunity for full and fair litigation of the matter, a state prisoner may not be granted habeas corpus relief on the ground that evidence obtained in an illegal search or seizure was introduced at trial. *Stone v. Powell*, 428 U.S. 465, 494 (1976). Where state court procedures provide meaningful mechanisms for deciding and reviewing such decisions and the petitioner's opportunity to contest the introduction of evidence is not circumscribed, federal courts have no authority to scrutinize a state court's application of Fourth Amendment principles. *Davis v. Blackburn*, 803 F.2d. 807, 808 (5th Cir. 1986); *Billiot v. Maggio*, 694 F.2d 98, 100 (5th Cir. 1982).

This Court takes judicial notice that the state courts of Texas permit motions to suppress evidence based upon unlawful searches and seizures. Although it does not appear that a motion to suppress items seized during Petitioner's detention by police was filed at trial, there is nothing in

the record to suggest, and Petitioner makes no argument, that he was in any way precluded from raising such a challenge at trial. Williams challenge the validity of the search and seizure in his state habeas application and the Court of Criminal Appeals adopted the findings of the trial court wherein it was determined that, based upon the facts and circumstances, there was nothing unlawful about the search and seizure executed by officers against Petitioner. *Ex parte Williams*, App. No. WR-67,398-01, Event ID 2285354 at pp. 356-359 (Tex. Crim. App. 2007). Thus, the constitutional requirement of an opportunity to fully and fairly litigate the suppression issue in state court was satisfied and this court is precluded from considering the merits of Petitioner's Fourth Amendment claim.

In his second ground for habeas relief, Petitioner claims that there was no evidence to support a conviction. Petition ¶ 20.B. Specifically, Williams claims that all evidence obtained by the state which even remotely connected him to the crime was obtained illegally and that, if the evidence were suppressed, there would be no evidence against him. *Id.* Williams presented his challenge to the validity of the search and seizure which produced the evidence in his state habeas proceeding. The state court found that the search and seizure were lawful and that, had counsel filed a motion to suppress, the motion would have been denied. *Ex parte Williams*, App. No. WR-67,398-01, Event ID 2285354 at pp. 356-359 (Tex. Crim. App. 2007). Williams has failed to establish that the state court's adjudication of his unlawful search and seizure claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *See* 28 U.S.C.A. § 2254(d) (West 2010). Petitioner has further failed to demonstrate that the state court's decision was based upon an unreasonable determination of the facts in light of the evidence presented in the state court

proceedings. *See Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). Therefore he cannot prevail on this ground for relief.

To the extent, if any, that Williams presents a claim of insufficient evidence, he cannot prevail. The Second Court of Appeals in Forth Worth reviewed the evidence from Williams' trial and found it sufficient to support his conviction. *Williams v. State*, No. 2-03-148-CR (Tex. App. – Ft. Worth 2004, pet ref'd); *Ex parte Williams*, App. No. WR-67,398-01, Event ID 2285354 at pp. 404-407 (Tex. Crim. App. 2007). Williams has failed to establish that this finding was contrary to federal law or unreasonable in light of the evidence presented at trail. See 28 U.S.C. § 2254(d). Moreover, the appeals court finding is fairly supported by the record. Thus, Williams is not entitled to habeas relief on this ground.

In his third ground for relief, Williams asserts that he is actually innocent. Petition¶ 20.C. Williams argues that Taurus Redmon Napper admitted to being one of the robbers and exonerated Petitioner as being his accomplice. *Id.* Petitioner claims that, on or about February 22, 2002, Napper wrote a letter to the District Attorney informing him that Petitioner was innocent and that another man named William Phillips had committed the crime. Petitioner's Brief in Support of Petition (Doc. No. 8) at p. 32.

Absent some allegation of an independent constitutional violation which occurred in the underlying criminal proceeding, Williams' claim of actual innocence cannot serve as a basis for federal habeas relief. *E.g., Herrera v. Collins*, 506 U.S. 390, 400 (1993); *Lucas v. Johnson*, 132 F.3d 1069, 1074 (5th Cir. 1998); *Boyd v. Puckett*, 905 F.2d 895, 896-97 (5th Cir. 1990). Petitioner has not offered any independent constitutional violation to support his actual innocence claim. Therefore, he is not entitled to habeas relief.

In his fourth ground for relief, Petitioner claims that he was denied effective assistance of counsel at trial. Petition ¶ 20.D. In support of this ground, Petitioner alleges the following deficiencies:

1. counsel failed to investigate the facts of the case and formulate a defense strategy;

2. counsel failed to file a motion to suppress evidence obtained during the alleged unlawful *Terry* stop;

3. counsel failed to strike a juror who knew Petitioner from his work;

4. counsel failed to object to evidence illegally seized from Petitioner's co-defendant, Taurus Redmond Napper;

5. counsel failed to call Joe Cortez, a victim of Petitioner's crime, to testify;

6. counsel failed to object on the basis that no evidence proved a deadly weapon was used or exhibited and he failed to object to a jury instruction stating that a deadly weapon was used or exhibited, and;

7. counsel failed to request a "limiting extraneous offense instruction" for the jury charge.

Petitioner's Brief in Support of Petition at pp. 61.

The Sixth Amendment of the United States Constitution guarantees a criminal defendant "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In order to obtain habeas relief on a claim of ineffective assistance of counsel, the petitioner must prove (1) that his counsel's performance was deficient and (2) that it prejudiced the defendant. *Id.* To dispose of an ineffective assistance claim, a federal habeas court need not address both prongs of the *Strickland* standard. *Strickland*, 466 U.S. at 700; *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994). Failure to establish either requirement necessarily defeats the claim. *Strickland*, 466 U.S. at 697; *Smith v. Puckett*, 907 F.2d 581, 584 (5th Cir. 1990).

In measuring whether counsel's representation was deficient, a petitioner must show that counsel's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687-88; *Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997). "It is well settled that effective assistance is not equivalent to errorless counsel or counsel judged ineffectively by hindsight." *Tijerina v. Estelle*, 692 F.2d 3, 7 (5th Cir. 1982). A court reviewing an ineffectiveness claim must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional competence or that, under the circumstances, the challenged action might be considered sound trial strategy. *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993); *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992).

In order to satisfy the second prong of the *Strickland* test, the petitioner must show that counsel's errors were so egregious as to deprive the defendant of a fair trial whose result is reliable. *Strickland*, 466 U.S. at 687. The test to establish whether there was prejudice is whether "there is a reasonable probability that, but for the counsel's unprofessional errors, the trial would have been different." *Id.* at 694. A reasonable probability is "probability sufficient to undermine confidence in the outcome." *Id.* It is not enough for a habeas petitioner to merely allege deficiencies on the part of counsel. He must affirmatively plead the resulting prejudice in his habeas petition. *Hill v. Lockhart*, 474 U.S. 52, 59-61 (1985); *Bridge v. Lynaugh*, 838 F.2d 770, 773 (5th Cir. 1988).

To obtain federal habeas relief on an ineffective-assistance-of-counsel claim under the AEDPA standard of review, a petitioner is required to demonstrate that the state court's decision on his ineffective assistance claim was contrary to, or an unreasonable application of, the standards set forth under *Strickland*. *Schaetzle v. Cockrell*, 343 F.3d 440, 443-44 (5th Cir. 2003).

The state habeas court found that Williams failed to show what favorable and no-perjurious evidence would have been revealed by further investigation and that, in light of the evidence in Williams' case, the investigation conducted by trial counsel was constitutionally adequate. *Ex parte Williams*, App. No. WR-67,398-01, Event ID 2285354 at pp. 359-62 (Tex. Crim. App. 2007). This finding is presumptively correct. *See Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001) (presumption of correctness applies to both explicit and implicit findings necessary to support a state court's conclusion of mixed fact and law).

The state habeas court found that a motion to suppress evidence based upon Petitioner's claim of unlawful search and seizure would have been denied. Affording the presumption of correctness to the state court's finding, counsel cannot be deemed ineffective for failing to file a motion that would have been denied. *See Vega v. Johnson*, 149 F.3d 354, 362 (5th Cir. 1998) (counsel's failure to make non-meritorious arguments cannot be considered error on the part of counsel); *Cantu v. Collins*, 967 F.2d 1006, 1017 (5th Cir. 1992) (counsel is not required to raise non-meritorious issues).

The state habeas court found that Williams and his attorney agreed that the juror who knew Petitioner from his work as a jailor would be open-minded and fair. *Ex parte Williams*, App. No. WR-67,398-01, Event ID 2285354 at pp. 362-63 (Tex. Crim. App. 2007). Accordingly, the court found that Petitioner had failed to show that counsel's failure to strike the juror was deficient. *Id.* at p. 363. Petitioner has failed to rebut the presumption of correctness as to this finding. *See Valdez v. Cockrell*, 274 F.3d at 948 n.11.

The state habeas court found that Petitioner lacked standing to challenge evidence seized by officers from his co-defendant, Taurus Redmond Napper. *Ex parte Williams*, App. No. WR-67,398-01, Event ID 2285354 at pp. 363-64 (Tex. Crim. App. 2007). Therefore, the court found, that counsel's failure to lodge a frivolous objection to the evidence was "not indicative of constitutional ineffectiveness." *Id.* at p. 364. Petitioner cannot prevail on this ground for relief. *Vega v. Johnson*, 149 F.3d at 362; *Cantu v. Collins*, 967 F.2d at 1017; *Schaetzle v. Cockrell*, 343 F.3d at 448-49.

The state habeas court found that "counsel unequivocally had a strategic basis for not calling Joe Cortez" as a witness. *Ex parte Williams*, App. No. WR-67,398-01, Event ID 2285354 at p. 364 (Tex. Crim. App. 2007). Cortez testified at a pre-trial hearing that he recognized Williams behind his stocking mask during commission of the robbery. *Id.* Counsel stated in his affidavit, "why help the state by calling a witness who could testify as to the identity of Mr. Williams during the commission of the offense." *Id.* This finding compels rejection of this ground for relief in the instant action.

The state habeas court found that, in light of the evidence, it was "absurd to claim that a deadly weapon had not been used during the commission of the offense." *Id.* at p. 365. Therefore, Petitioner is not entitled to relief on his claims that counsel failed to object on the basis that no evidence proved a deadly weapon was used or exhibited and that counsel failed to object to a jury instruction stating that a deadly weapon was used or exhibited. *Vega v. Johnson*, 149 F.3d at 362; *Cantu v. Collins*, 967 F.2d at 1017; *Schaetzle v. Cockrell*, 343 F.3d at 448-49.

The state habeas court found that a limiting extraneous offense instruction in the jury charge was not warranted because the jury was instructed to disregard the testimony at issue. *Ex parte*

*Williams*, App. No. WR-67,398-01, Event ID 2285354 at pp. 365-67 (Tex. Crim. App. 2007). Furthermore, counsel moved for a mistrial. Therefore, counsel cannot be deemed ineffective.

In his final ground for relief, Petitioner claims that he was denied effective assistance of counsel on appeal for counsel's failure to raise the alleged deficiencies of trial counsel on appeal. Petitioner's Brief in Support of Petition at pp. 64. Because the state habeas court rejected Petitioner's ineffective assistance claims and because this Court has determined that Petitioner is not entitled to relief on his claims of ineffectiveness with regard to trial counsel, appellate counsel cannot be deemed ineffective for failing to raise the same issues on appeal. *Vega v. Johnson*, 149 F.3d at 362; *Cantu v. Collins*, 967 F.2d at 1017; *Schaetzle v. Cockrell*, 343 F.3d at 448-49.

The Court of Criminal Appeals "denied [Williams' habeas application] without written order on findings of the trial court without hearing." *Ex parte Williams*, App. No. WR-67,398-01, Event ID 2285353 at Cover (Tex. Crim. App. 2007). In Texas, when the Court of Criminal Appeals "denies" a petition for writ of habeas corpus rather than "dismissing" it, the grounds for relief are disposed of on the merits. *See Jackson v. Johnson*, 150 F.3d 520, 524 (5th Cir. 1998); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

Upon review of the papers, pleadings and records in this case, the Court finds that Petitioner has failed to establish that the state court's adjudication of his grounds for habeas relief resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *See* 28 U.S.C.A. § 2254(d) (West 2010). Petitioner has further failed to demonstrate that the state court's decision was based upon an unreasonable determination of the facts in light of the evidence presented in the state court

proceedings. *See Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000).

For the foregoing reasons, the petition for writ of habeas corpus is DENIED.

Copies of this order shall be transmitted to Petitioner and to Counsel for Respondent.

SO ORDERED this 24th day of August, 2010.

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**